Good morning. My name is Stephen Gentry. I represent Shenard Lesure. This court should vacate Shenard Lesure's consecutive 25-year sentence for attempt murder because the criminal court that entered this sentence did so without the statutory authority under the Juvenile Court Act. The presumptive position of the Juvenile Court Act as set forth in the first sentence of paragraph 5-4, as it was numbered at the time of the offense 1997, sets forth that no proceedings are to go forward in the adult criminal court except as specifically set forth in the Juvenile Court Act. It's the presumption that proceedings are to take place otherwise as set forth in the Juvenile Court Act. Paragraph 6-A sets forth procedures by which certain offenses are automatically transferred to the adult criminal court system, as well as charges arising out of the same set of circumstances. And that's what happened in this case where the first-degree murder was automatically transferred. And the attempt murder case, which was out of the same set of circumstances. He was found guilty of the murder, right? That is correct. Okay, so he was convicted of one of the crimes that fits within the criterion, right? That is also correct. Okay, go ahead. Paragraphs 6-C, lowercase Roman numeral 1 and 2, set forth the procedures that the court is to follow after conviction on one of these offenses. Paragraph C-1 applies where, allows the court to sentence under the adult criminal code for those offenses which triggered the automatic transfer into the adult court. Paragraph C-2, as under its explicit terms as it was in 1997, applies where the juvenile is only automatically transferring a charge. So the specific situation here, where the individual is convicted of both charges, is not explicitly covered by the relevant part of the statute. Excuse me, counsel. You haven't talked about 6-A. And 6-A says that these charges and all other charges arising out of the same incident shall be prosecuted under the criminal code of 1961. Why isn't that applicable? That is applicable. It is indeed the provision by which the case was transferred for trial. However, it does not cover the procedures to be held after trial. That is clearly what paragraphs C-1 and 2 cover, the procedures by which the court is to go on to sentencing after conviction under 6-A, which is what applies to pre-judgment matters? It occurs prior to judgment, yes. It is the process by which the charges are transferred to the adult court for trial in the first place. However, after trial, the Juvenile Court Act provides further direction as to what the court is to do at that point. The was an oversight that was left out of paragraphs C-1 and 2. Whose oversight? The legislature's. The legislature's oversight? Indeed. Don't you hate it when that happens? The legislature seems to have caught this oversight because they changed it in 1999, striking the word only from paragraph C-2 and making it explicitly clear that the scenario at issue here would require the state to proceed by way of motion if it desired adult sentencing under one of the charges that transferred previously. So this indicates that that was, number one, an oversight, and number two, that it was intended that paragraph C-2 apply here. Paragraph C-2 should also be applied here because it's consistent with the purpose of the transfer. As this court noted in Mathis, and also other courts have noted as well, the purpose of the initial transfer into the adult court of the charges other than those There would be no purpose served for the entire matter to just be retried on a matter of guilt and innocence if a conviction on the automatically transferring case did not apply. It also is a situation where the rights of the juvenile are further protected by, for example, the right to a jury trial in the adult court on these serious charges. The result of this case is also, that Mr. Leshurr requests, is also suggested by the case in Re-A-T, where the second district looked at a similar situation where there was, and this was with regard to the presumptive, rebuttable presumption transfer, where procedures following trial for sentencing were not set forth. Again, by an oversight of the legislature. And there the court found that it was appropriate that the court make a new determination as to whether or not sentencing as an adult is appropriate after the guilt and innocence phase of the trial. Counsel may ask you the argument the state makes relative to the rationale or the reasonableness of having someone serving an adult sentence and a juvenile sentence. How would you answer that? It's entirely, I don't believe that it's logical even to say that there's no reasonableness to serving them both. I mean, the result that we're asking for in this case would still enable, would still require Mr. Leshurr to serve the full adult punishment for the first degree murder for which he was convicted, which automatically transferred. It would also, by requiring the state to have proceeded by motion or otherwise forfeit the jurisdiction of the court to enter an adult sentence, this enables, this result is consistent with an application of the Juvenile Court Act, which number one is the presumptive position where proceedings take place in the Juvenile Court Act, except as specifically required, but also it would take into account the protection of the minor, the family, and the community. The minor who is now what age, what was he sentenced to for the murder? For the murder, he was sentenced to 50 years. 50 years? Correct. Is that day for day? No good time, none of that stuff, it's 50 years, right? I believe it's... So he's now done his 50 years, he's now what, 70, 65, 65 years old, what are we going to do? Are we going to have a hearing and determine what kind of a juvenile sentence we're going to impose? No, that would not be necessary. The state, by not having filed a motion within 10 days... Well, it seems to me it would be kind of goofy to require that, I mean, you know, this is out of control. He's done his 65 years, I'm sorry, his 60 years in the penitentiary, now we're going to have a hearing or we're going to sentence him personally to the Juvenile Court Act. There's no need to wait until he's completed his entire sentence on the murder. Why not? This court can find today that the court was without statutory authority to have entered the consecutive 25 year sentence and vacate that sentence, remand for the imposition of a sentence which at this point would be time served having, since he's reached his 21st birthday and the entry of the juvenile adjudication and the vacating of the criminal charge. So it's more of an administrative matter, truly, there's not going to be any effect? The effect will be that Mr. Rasher, who was 15 years old at the time of this offense and had no prior criminal history or juvenile adjudication history, would enable him to have some degree of life as a productive citizen, as a fully developed mature adult. Because Mr. Rasher's argument today is that the criminal court was without statutory authority to enter the consecutive 25 year sentence, this issue cannot be waived, the sentence is void and again, I request that this court... Is there any question that these were separate incidents? These two shooters... Separate victims, yes your honor. Well, did they constitute separate incidents? It was all at the same time, wasn't it? Correct. Okay, so how in the world can you conclude that these were separate incidents? These were separate crimes. Then you would have to say they were separate incidents in order to have 6A not be applicable. It seems to me that 6A on its face expressly states that these charges and all other charges arising out of the same incident shall be prosecuted under the criminal code. But to say that that's the end of the matter is to ignore paragraphs 6C1 and 2. If as you're saying 6A is the long and short of it and these paragraphs are entirely surplus, that clearly is not the case. The legislature included them previously and amended them subsequently to account for the oversight. C1 goes on to say that a conviction of a matter that a 6A is applicable to control. So it would be C1 that controls. C1 applies to the charges that triggered the automatic transfer in the first place. If that applied to all charges under that, paragraph C2 would be completely unnecessary. So these paragraphs very clearly were what the legislature intended the court to consider after conviction. Are there any other questions? I will reserve remaining time for rebuttal.      Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Good morning, Your Honors. My name is Whitney Bond. I'm an Assistant States Attorney representing the people of the state of Illinois. Before we get into the meat of the defendant's torture reading of the statute, I'd like to provide a framework for exactly how we got to this point. The defendant was charged with first-degree murder of Portia Smith and also the attempt murder of Emile Clark, which arose out of the same course of conduct and was thus properly transferred to the adult court pursuant to the automatic transfer provision. Defendant was then convicted of both the first-degree murder of Portia Smith as well as the attempt murder of Emile Clark. Defendant at trial, the trial court specifically found the defendant guilty of both first-degree murder and the attempt murder, however, at sentencing, the trial court sentenced the defendant to 25 years on an agbat with a firearm charge. Defendant appealed this charge, arguing that, of course, you cannot be sentenced on a conviction of which you were not convicted. This court agreed and remanded the matter back to the trial court for resentencing, upon which the lower court sentenced the defendant to 25 years on the attempt murder. Then there was several filings between the years of 2001 and 2006, four total, a post-conviction petition filed as well as supplemental petitions amending the original post-conviction petition, at which point this defendant had a hearing in 2008 wherein the trial court dismissed the post-conviction petition. It is from that dismissal that we are here today. And for the first time, and never been raised before, we are now discussing whether or not the sentence upon which, the statute upon which this defendant was sentenced to his attempt murder conviction is void, not void. The fact remains that this defendant was properly sentenced and that any sort of attack on it at this point is void, is not void. Defendant attempts to circumvent Jones by relying on a line of cases, specifically Champ, Brazee, Mathis, Hardon, which is fully distinguishable from the facts of our case because in those cases those defendants weren't convicted of the enumerated offense in 6A that transferred the defendant to the adult court in the first place. This is not a policy case at its very basic. It's a case of statutory construction. The most important facts here to keep in mind is that this defendant was charged with an enumerated offense that prompted him to transfer to the adult court for prosecution. And all other offenses per the statute, 6A, all other offenses that arise out of the same incident shall also be prosecuted as an adult. We cannot read 6A separate from CI or CII. They all need to be read in conjunction with one another. What specifically happened here is that because the defendant was convicted of the crime that got him into the adult court in the first place, the murder, both that crime and the other charge that arose out of the same incident, the attempt first degree murder, triggered CI of the statute that states after a trial if the defendant is convicted of any offense covered in 6A, then he should therefore be sentenced as an adult. And therefore, this defendant was properly sentenced on both his first degree murder and his attempt murder conviction. Nevertheless, this defendant asked this court not to adhere to the plain language of the statute of either 6A or CI, but instead invites this court to apply CII to facts that aren't applicable when CII specifically states that only in the event that a defendant is not convicted of the crime that got him into the adult court in the first place. That just plainly, simply did not happen here. As I mentioned before, the cases upon which defendant cites are completely inapplicable. And I'd actually like to point out that he does rely upon AT, which was a second district case. There's an interesting point in AT where the AT court points out that unlike, in AT they were dealing with a discretionary hearing situation, which we didn't have here. Here, this was an automatic transfer. In AT, there was nothing set out in that discretionary transfer part of the statute that talks about what would happen if a defendant was discretionarily transferred to the adult court and then found not guilty of the crime that got him there in the first place. AT points out that that wasn't a case that we have here in the mandatory transfer subsections where there are steps that need to be taken in case a defendant is not convicted of the crime that got him there in the first place. So even AT recognizes that 6A, CI, and CII all need to be read in conjunction with one another. And if this were a case where the minor defendant hadn't been convicted of the first degree murder that landed him in the adult court in the first place, then CII would apply. That just flat out didn't happen here. Counsel, can I ask you a question? Sure. Is it your argument that if one is tried, convicted, under the adult code, not the juvenile code, you are to be sentenced under the adult code, not the juvenile code? Yes. 6A explicitly lists the enumerated offenses that automatically transfer a minor defendant, who was 15 at the time, into the adult court. And the language that we've, just as Harris pointed out, and all other offenses that arise out of the same course of conduct. So had this defendant been transferred for the first degree murder and not found guilty of that first degree murder, then we could apply CII. So no set of circumstances could prevail where he'd be charged? Just wouldn't happen? It's an automatic transfer. It's an automatic transfer. The automatic transfer offense, first degree murder, got him into the adult court. He was found guilty of it, and all other charges that arise out of that same course of conduct, which the people obviously submit that a double shooting is arising out of the same course of conduct. Put simply, this defendant was convicted of the crime that brought him to the adult court in the first place, as well as the attempt murder that arose out of that conduct. And CII is the only applicable statute that can apply. They need to be read in conjunction with each other. It's not a hybrid situation where you can pick and choose. Because there is an attempt murder conviction, we can read CII. You can't do that. You just flat out cannot do that. And allowing a defendant to make such a request to have such a hybrid reading is really an absurdity, especially when, as this Court is aware, that resolving issues of statutory construction, there's a presumption that the legislature did not intend an absurd or unjust result. In conclusion, at its most basic, there are two defendants that we are talking about here. One is a defendant who was properly transferred to the adult court for prosecution and is found guilty of the crime that transferred him there in the first place, in this case, a first-degree murder. And then there would be a second defendant who was automatically transferred but not found guilty of the transferable offense. That did not happen here. That is not this defendant. This defendant was properly transferred to the adult court based on 6A of the statute and properly sentenced to his attempt murder conviction based on CII of that same statute. If there are no questions, thank you. For these reasons and those set forth in our brief, we ask that you affirm the defendant's attempt murder conviction sentence. Thank you. Thank you. Just briefly, I'd like to respond to what seems to be the primary point of the state, which is that paragraph C1 applies to this case. But very explicitly, it does not. Paragraph C1, by its terms, says that the court, where the minor is convicted, of the offense covered by paragraph 6A, the court shall have any dispositions in the criminal code for that offense. Not for all offenses tried in the adult court. If that were the interpretation, then paragraph C2 would be entirely superfluous. So very clearly, the legislature did intend for C2 to apply, despite its erroneous inclusion of the word only, which left this particular scenario uncovered under the Act. Because the purposes of the Act and the subsequent actions of the legislature indicate that it intended for the state to proceed to paragraph C2. Mr. Leshurr requests that this court vacate the concurrent void 25-year sentence. Thank you. Thank you very much, counsel. The case will be taken under advisement. Thank you very much.